POST and others *v.* ARNOTT, 2 Denio, 344–362.

In S. Ct. 6 Hill, 65.

*Mortgage ; Tender ; Ejectment.*

EJECTMENT. The action was brought by a purchaser at a sheriff's sale of the mortgage premises sold under a judgment docketed *three months after the mortgage.* The mortgagee foreclosed the mortgage, (dated in May, 1827,) by a statute foreclosure, in 1830. In 1836, the judgment creditor, (whose rights are by the statute " not to be prejudiced by any such sale, nor in any way affected thereby,") issued a *fi. fa.* on his judgment, and the premises were sold under it to A. the defendant in error. The deed of the sheriff to him was dated May 23d, 1838. On the 21st of Septem-

ber, he tendered to the mortgagee, who had bought the premises at the foreclosure sale, the principal and interest with costs of foreclosure, which the mortgagee refused to receive, whereupon the defendant in error brought ejectment.

The Supreme Court held that the action might be maintained. That the tender discharged the lien and divested his title under the foreclosure; that, as a tender to the mortgagee or his assignee, at any time before foreclosure, although the law day has passed, would have the effect of discharging the lien of the mortgage, and as by the statute, the rights of the judgment creditor were not affected by the sale; the tender was sufficient to discharge the lien, even as against the purchaser at the *foreclosure sale.*

The Court of Errors held that the *action of ejectment* could not be sustained; that the tender after foreclosure did not discharge the lien, *ipso facto,* so as to vest the title in the purchaser at the sheriff's sale, and that his proper remedy appeared to be by bill in equity, where equitable conditions might be imposed, and the interest of all parties protected. p. 348.

Judgment *reversed,* 11 to 9.